# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE LOWERY,<br>CDCR # D-08018<br><br>                            Plaintiff,<br><br>       vs.<br><br>GEORGE A. NEOTTI, Warden;<br>WALKER, Doctor,<br><br>                           Defendants. | Civil No.   10cv2562 JLS (NLS)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

## I. Procedural History

On December 14, 2010, Plaintiff, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). The Court granted Plaintiff's Motion to Proceed IFP and dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). *See* Jan. 19, 2011 Order at 6. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* On March 11, 2011, Plaintiff filed his First Amended Complaint ("FAC").

///

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194.

### A.   Eighth Amendment claims

Once again, Plaintiff alleges that he has been subjected to cruel and unusual punishment by Defendant Walker whom Plaintiff alleges refuses to provide him with "an effective painkiller for all of his pains." (FAC at 3.) "The unnecessary and wanton infliction of pain upon

incarcerated individuals under color of law constitutes a violation of the Eighth Amendment." *Toguchi v. Chung*, 391 F.3d 1051, 1056-57 (9th Cir. 2004) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's medical needs. *Id.*; *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

To allege an Eighth Amendment violation, a prisoner must "satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). First, he must allege that prison officials deprived him of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Second, he must allege the prison official "acted with deliberate indifference in doing so." *Id.* (citation and internal quotation marks omitted).

A prison official acts with "deliberate indifference ... only if [he is alleged to] know[] of and disregard[] an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted). Under this standard, the official must be alleged to "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and must also be alleged to also have drawn that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation omitted). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." *Farmer*, 511 U.S. at 839. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *McGuckin*, 974 F.2d at 1059 (alteration and citation omitted).

Here, Plaintiff's First Amended Complaint is nearly devoid of any specific allegations. Plaintiff claims that he is "dying and he wants just a simple pill to mitigate his pain." (FAC at 4.) Plaintiff fails to identify what is the underlying nature of his serious medical need. It is also not clear whether Plaintiff is receiving any medical attention or treatment as opposed to a complete deprivation. With such vague facts and conclusory statements, the Court is simply

unable to find any sufficient allegations to find that Plaintiff has stated a claim of deliberate indifference to a serious medical need. Moreover, it is unclear whether he is receiving any pain medication at all. In fact, it appears that he disagrees with the medication prescribed by Dr. Walker. A "difference of medical opinion" between a prisoner and his physicians concerning the appropriate course of treatment is "insufficient, as a matter of law, to establish deliberate indifference." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Instead, to allege deliberate indifference regarding choices between alternative courses of treatment, a prisoner must allege that the chosen course of treatment "was medically unacceptable under the circumstances," and was chosen "in conscious disregard of an excessive risk to [the prisoner's] health." *Id.* (citation omitted). Plaintiff has failed to allege any facts from which the Court could find that Defendants acted with deliberate indifference to his serious medical needs.

### B.     Respondeat Superior

Once again, Plaintiff names Warden Neotti as a Defendant in this matter but fails to set forth any specific factual allegations with regard to Defendant Neotti in the body of Plaintiff's First Amended Complaint. Thus, it appears that Plaintiff seeks to hold Defendant Neotti liable in his supervisory capacity. However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's

constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's First Amended Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against Defendant Neotti.

Accordingly, the Court finds that Plaintiff's First Amended Complaint fails to state a section 1983 claim upon which relief may be granted , and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

## III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim upon which relief could be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S. D.CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

2. The Clerk of the Court is directed to mail a form civil rights Complaint to Plaintiff.

DATED: April 28, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge